UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BUDDY LEE CRAFT, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:11-cv-00175-HGD |
| GARY HETZEL, Warden, and ) | |
| THE ATTORNEY GENERAL ) | |
| OF THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents ) | |

## REPORT AND RECOMMENDATION

Petitioner, Buddy Lee Craft, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of his 2006 conviction in the Circuit Court of Jackson County on a charge of first degree rape. Petitioner was convicted on February 21, 2006. On April 18, 2006, pursuant to the Alabama Habitual Felony Offender Act, he was sentenced to 38 years in prison. (Resp. Ex. 1 at 9; Resp. Ex. 2 at 58).

After his conviction and sentence, Craft filed a direct appeal to the Alabama Court of Criminal Appeals. This appeal was filed out of time. However, pursuant to

a petition filed by Craft pursuant to Rule 32, Ala.R.Crim.P., he was granted permission to file an out-of-time appeal. (Resp. Exs. 6 & 7).

In his direct appeal, Craft raised the following issues:

1. The defendant's prior bad acts and evidence of his bad character was not proof of a common scheme, plan, or motive, and admitting them as such was reversible error.

2. The probative value of the defendant's prior bad acts was outweighed by its prejudicial effect, and the trial court committed reversible error when it allowed the evidence.

(Resp. Ex. 7).

Petitioner's conviction was affirmed on direct appeal by the Alabama Court of Criminal Appeals by memorandum opinion on February 20, 2009. (Resp. Ex. 9, Memorandum Opinion on Direct Appeal). The appellate court held that, because counsel for petitioner failed to object to the challenged testimony at trial, it was barred from review. (*Id.* at 4). Craft filed an application for rehearing which was overruled on March 31, 2009. (Resp. Ex. 6). On April 1, 2009, the Alabama Court of Criminal Appeals issued a certificate of judgment. (*Id.*). No petition for a writ of certiorari was filed with the Alabama Supreme Court in petitioner's direct appeal.

On December 17, 2009, Craft filed his second Rule 32 petition. (Resp. Ex. 11, Rule 32 Petition). In this petition, Craft made the following claims:

1. He was denied effective assistance of trial and appellate counsel because counsel failed to:

   a. adequately and effectively cross-examine witnesses;

   b. "object to the practice of choosing only white grand jury forepersons";

   c. object to Craft's indictment for first-degree rape;

   d. object to evidence that was allegedly seized illegally;

   e. adequately investigate his case; and

   f. preserve trial errors for appellate review.

2. The trial court was without jurisdiction to render judgment or impose sentence on the grounds that:

   a. his indictment was void; and

   b. the grand jury that indicted him was unconstitutionally selected and impaneled.

3. He is entitled to a new trial or other relief on the grounds that his conviction was obtained through the use of evidence that was illegally seized; and

4. Appellate counsel was ineffective for failing to file a timely direct appeal and failing to petition the Alabama Supreme Court for a writ of certiorari.

5. Within Craft's fourth claim, he also reiterated many claims regarding trial counsel's effectiveness with respect to pretrial investigation and evidentiary issues.

(Resp. Ex. 13, Memorandum Opinion on Collateral Review).

On February 17, 2010, Circuit Judge Jennifer Holt issued a written order addressing Craft's issues and summarily denying his petition. (Resp. Ex. 2 at 78-80). That opinion states, in pertinent part:

> The defendant claims ineffective assistance of appellate counsel because appellate counsel failed to seek certiorari review with the Alabama Supreme Court. No other specific claim is alleged against appellate counsel. A defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. *Birdsong v. Alabama*, 929 So.2d 1027 (Ala.Crim.App. 2005). The defendant's claim of ineffective assistance of appellate counsel is due to be denied.
>
> The defendant claims that the court was without jurisdiction to render judgment or to impose the sentence due to the fact that the indictment referred to the defendant as "male" and the victim as "female" rather than referring to the victim as "a member of the opposite sex." The validity of the defendant's indictment is irrelevant to whether the court had jurisdiction over the subject matter of the case. *Seymour v. State*, 946 So.2d 536 (Ala. 2006). This claim is therefore subject to the preclusive bars of Rule 32 of the Alabama Rules of Criminal Procedure. Accordingly, the defendant's claim of a defective indictment is barred by Rule 32.2(a)(3) and Rule 32.2(a)(5) and it is due to be denied.
>
> The defendant claims other non-jurisdictional errors. He claims an unconstitutional search and seizure and discriminatory selection of the grand jury and foreperson. These claims are barred pursuant to Rule 32.2(a)(3) and Rule 32.2(a)(5). The claims are due to be denied.
>
> The defendant claims ineffective assistance of trial counsel. The state responds that this claim is precluded under Rule 32.2(d) because it should have been brought in his appeal or in his first Rule 32 filing. Rule 32.2(d) states, "Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable. In no event can relief be granted on a claim of ineffective assistance of trial or appellate counsel

>raised in a successive petition."  The defendant's claim of ineffective assistance of trial counsel is due to be denied pursuant to Rule 32.2(d).

(Resp. Ex. 2, at 78-80).

Craft appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals.  On appeal of the denial of his Rule 32 petition, Craft first argued that summary disposition was not appropriate in the circuit court because the petition raised meritorious issues that were not precluded because they could have been, but were not, raised at trial or on appeal or could have been raised in his first Rule 32 petition.  However, he provided no specifics.  (Resp. Ex. 11, Petitioner's Brief on Collateral Appeal, at 4).

Next, Craft argued that his trial counsel rendered ineffective assistance by failing to assert that the indictment was void because it referred to the defendant as "male" and the victim as "female" rather than referring to the victim as "a member of the opposite sex." (*Id.* at 5-6).  However, Craft did not state why this was ineffective assistance or how it prejudiced him.

Next, petitioner argued that trial counsel was ineffective for failing to raise a claim that the grand jury that indicted him was unconstitutionally selected and impaneled because only Caucasians were chosen to serve as forepersons. (*Id.* at 6-7). He did not state why failure to address this claim was ineffective assistance or how it prejudiced him.

In his next argument, petitioner claimed that certain evidence used against him was the result of an unconstitutional search and seizure. He objected to the seizure of certain items from his residence which he claimed were seized without a search warrant. (*Id.* at 7-9).

In his final argument, petitioner asserted that he received ineffective assistance of counsel because counsel failed to speak to him regularly, failed to address key facts, and failed to investigate potential witnesses for trial. However, he did not state what key facts trial counsel failed to address or what potential witnesses he failed to interview. He also claimed that he paid his attorney to file a timely appeal, but he failed to do so, and that trial counsel should have filed motions to obtain exculpatory evidence of laboratory reports. However, he did not state what was in those reports that was exculpating.

Craft further complained that trial counsel did not continue to object to character evidence and that someone else overheard his appellate counsel making a racially-insensitive remark. (*Id.* at 10-15). However, Craft did not state why this was ineffective assistance or how it prejudiced him. On July 16, 2010, the appellate court issued a memorandum opinion affirming the denial of Craft's Rule 32 petition on all grounds. (Resp. Ex. 13, Memorandum Opinion on Collateral Review).

The Alabama Court of Criminal Appeals first held that Craft's petition was not barred as successive. (*Id.* at ¶ 4). With regard to the substantive issues raised in his appeal, the Court of Criminal Appeals held:

A.

Craft argues on appeal that trial counsel was ineffective for failing to raise objections to his indictment; however, the issue, as briefed by Craft, did not address the effectiveness of counsel, but rather only the substantive issue regarding his indictment. To the extent that he challenges the validity of his indictment, that claim is nonjurisdictional and subject to the procedural bars of Rule 32.2. *See A.G. v. State*, 989 So.2d 1167, 1178 (Ala.Crim.App. 2007), quoting *Ex parte Seymour*, 946 So.2d 536, 539 (Ala. 2006) ("the validity of an indictment 'is irrelevant to whether the circuit court had jurisdiction over the subject matter of the case'"). Accordingly, this claim is precluded by Rule 32.2(a)(3) and (5) because the claim could have been but was not raised at trial or on appeal. With respect to any ineffective assistance of counsel claim Craft may raise within this issue, Craft has failed to plead his ineffective assistance claim with the specificity and sufficiency required by *Strickland*, and thus, is entitled to no relief. *See Hyde*, 950 So.2d at 355-356.

B.

Craft also argues that trial counsel was ineffective for failing to challenge the selection and impaneling of the grand jury. Like Craft's ineffective assistance claim regarding indictment, this issue, as briefed by Craft, did not address the effectiveness of counsel, but rather only the substantive issue regarding the grand jury. To the extent that he challenges the composition or selection of the grand jury, that claim is nonjurisdictional and subject to the bars of Rule 32.2. *See Windsor v. State*, [Ms. CR-05-1203, August 7, 2009] ___ So.3d ___, ___ (Ala.Crim.App. 2009) ("Windsor's sixth argument is that the indictment against him is invalid due to the systematic underrepresentation of cognizable groups in the composition of the grand jury. The circuit

court properly found that this claim was precluded because he could have raised it at trial and on direct appeal, but did not."). Accordingly, this claim is precluded pursuant to Rule 32.2(a)(3) and (5) because the claim could have been but was not raised at trial or on appeal. With respect to any ineffective assistance of counsel claim Craft may raise within this issue, Craft has failed to plead this claim with the specificity and sufficiency required by *Strickland*, and thus, is entitled to no relief. *See Hyde*, 950 So.2d at 355-356.

### C.

In Craft's third argument, he raises at least seven separate claims in which he attacks trial counsel's effectiveness regarding pre-trial investigation and evidentiary matters. All of these claims present a bare allegation of ineffective assistance of counsel as Craft fails to allege with specificity how counsel's actions were both erroneous and prejudicial. Craft has failed to plead these claims with the specificity and sufficiency required by *Strickland*, and thus, is entitled to no relief. *See Hyde*, 950 So.2d at 355-356.

### D.

In Craft's fourth argument, he also claims that appellate counsel was ineffective for failing to petition the Alabama Supreme Court for a writ of certiorari. Appellate counsel cannot be held ineffective for failing to seek certiorari review with the Alabama Supreme Court. *See Birdsong v. State*, 929 So.2d 1027, 1029 (Ala.Crim.App. 2005) ("[I]t is well settled that a defendant is not entitled to counsel on a discretionary appeal to the Alabama Supreme Court. Therefore, Birdsong could not be denied effective assistance of counsel as a result of his appellate counsel's not seeking certiorari review.") (internal citations omitted). Accordingly, Craft is entitled to no relief on this claim. Furthermore, Craft also appears to challenge the performance of his appellate counsel in a general sense. Craft has failed to plead these claims with the specificity and sufficiency required by *Strickland*, and thus, is entitled to no relief. *See Hyde*, 950 So.2d at 355-356.

II.

In Craft's third argument, he claims that evidence seized pursuant to an illegal search or seizure was used by the State in order to convict Craft of first-degree rape. This claim is nonjurisdictional and subject to the procedural bars of Rule 32.2. *See Barron v. State*, 682 So.2d 505 (Ala.Crim.App. 1996) (a claim that the appellant's conviction was obtained through the use of evidence gained by an illegal search and seizure is nonjurisdictional in nature). Accordingly, this claim is precluded pursuant to Rule 32.2(a)(3) and (5) because the claim could have been but was not raised at trial or on appeal.

Furthermore, within his fourth argument, Craft raises a number of challenges regarding the evidence presented at trial. To the extent that Craft challenges the sufficiency of the State's evidence, this claim is nonjurisdictional and subject to the procedural bars of Rule 32.2. *See Ex parte Batey*, 958 So.2d 339, 343 (Ala. 2006) ("Alabama courts have repeatedly held that an argument about the adequacy of the State's evidence is not jurisdictional and is therefore barred by Rule 32.2.") Accordingly, this claim is precluded pursuant to Rule 32.2(a)(3) and (5) because the claim could have been but was not raised at trial or on appeal.

Finally, Craft did not present on appeal a number of claims raised in his original petition, and thus, we deem these claims abandoned. *See Cook v. State*, 887 So.2d 309, 310 (Ala.Crim.App. 2003) (claims raised in petitioner's Rule 32 petition and not argued on appeal are deemed to have been abandoned on appeal.)

Rule 32.7(d), Ala.R.Crim.P., authorizes the circuit court to summarily dismiss a petitioner's Rule 32 petition

> [i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.

> *See also, Hannon v. State*, 861 So.2d 426, 427 (Ala.Crim.App. 2003); *Coqman v. State*, 852 So.2d 191, 193 (Ala.Crim.App. 2002); *Tatum v. State*, 607 So.2d 383, 384 (Ala.Crim.App. 1992). Because Craft's claims lacked specificity, were without merit, or were procedurally barred, summary disposition was appropriate.

(Resp. Ex. 13, Memorandum Opinion on Collateral Appeal, at 4-9).

Petitioner filed his federal petition on or about February 24, 2011. There is no claim that it is untimely. In this petition, some of Craft's claims are extremely difficult to discern. As best as can be determined, his first claim is that the Alabama Court of Criminal Appeals erred when it found that evidence admitted at trial was barred from review because, although there had been a motion in limine filed and ruled on by the trial court concerning this evidence, there was no objection by the defense when it was actually offered at trial.

Craft never identifies an issue of constitutional dimensions in this claim. He merely argues that the Alabama Court of Criminal Appeals was wrong when it decided that he had not properly preserved his objection to the admission of this evidence under state law. "Necessary to [Craft's] success . . . is the proposition that the [Alabama] Supreme Court erred in construing the laws of [Alabama]. In fact, [Craft's] claim involves a pure question of state law. Questions of state law do not raise issues of constitutional dimension for federal habeas corpus purposes." *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). "A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Id.* (citation omitted). "A precedent of a state court about an issue of state law can never establish an entitlement to a federal writ of habeas corpus." *Reese v. Sec'y, Fla. Dep't of Corrections*, 675 F.3d 1277, 1290 (11th Cir. 2012).

In any event, in order to succeed on a claim adjudicated on its merits in state court, petitioner must demonstrate that the decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. §2254(d). Petitioner has not done so. Consequently, this issue is without merit.

In his second argument, Craft asserts that the trial court was without jurisdiction to render judgment or to impose sentence. In his Rule 32 proceeding, he claimed that the trial court lacked jurisdiction because the grand jury was not properly impaneled and the indictment was void because it used the word "female" to refer to the victim, rather than the words "opposite sex" used in the statute. On appeal of the denial of these claims, the Alabama Court of Criminal Appeals held that neither of these claims were jurisdictional in nature under Alabama law and, because

petitioner failed to raise them at trial or on appeal, he was procedurally barred from relief under Rule 32.

Petitioner has failed to plead any constitutional violation with regard to these claims. Like his first claim, he merely challenges the correctness of the appellate court's decision that the attacks on the indictment did not raise jurisdictional issues and that they were barred under state law. Such claims are not cognizable under § 2254. *Reese, supra*. Furthermore, petitioner has not demonstrated that the decision of the Alabama Court of Criminal Appeals rejecting this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. §2254(d).

In his next argument, petitioner claims that his counsel was ineffective for failing to challenge the indictment for the reasons raised in his second argument, above. However, he does not state why counsel's failure was ineffective assistance or how he was prejudiced by it.

He also alleges that he received ineffective assistance of counsel when counsel failed to object to certain scientific evidence used against him at trial. Petitioner appears to be claiming that the use of this evidence was improper because it was manufactured by police. However, he offers nothing but his bare assertions to back

this up. Again, he fails to state why counsel's failure to object resulted in ineffective assistance or how it prejudiced him.

The Alabama Court of Appeals noted that these claims are governed by the two-pronged test articulated by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This case holds that the defendant must first show that counsel's performance was deficient. That means that counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment. Second, the defendant must show that counsel's errors prejudiced the defendant. That means that counsel's errors were so serious that the defendant was deprived of a fair trial, a trial whose result was reliable. 466 U.S. at 687, 104 S.Ct. at 2064. On appeal from the denial of his Rule 32 petition, the Alabama Court of Criminal Appeals held that Craft failed to plead his ineffective assistance claims with the specificity and sufficiency required by *Strickland* and, thus, was entitled to no relief.

With regard to his claim regarding the selection of the grand jury foreperson, petitioner failed to make any showing of the elements required to establish a *prima facie* violation as set out by the U.S. Supreme Court. *See Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). All he has done is make a bare allegation. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001)

(vague, conclusory allegations in a § 2255 petition are insufficient to state a basis for relief). *See also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that a petitioner is not even entitled to an evidentiary hearing as to federal habeas corpus relief when the "claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible") (quotations and citation omitted). Consequently, counsel cannot have been ineffective for failing to raise this objection.

Likewise, his claim that the indictment against him was faulty because of the use of the word "female" rather than "opposite sex" does not reflect ineffective assistance. Petitioner has failed to provide any evidence as to why this makes the indictment invalid or resulted in ineffective assistance, or how he was prejudiced by it. Consequently, counsel cannot have been ineffective for failing to raise this objection.

Petitioner's claim that trial counsel was ineffective for failing to properly object to the admission of DNA evidence against him is also lacking in any showing of why this failure resulted in ineffective assistance or how he was prejudiced by it. Petitioner seems to be claiming that this evidence was illegally seized or the result of police misconduct. (*See* Doc.1, Petition, at 9). However, he offers no evidence to support this claim. Again, he offers only conclusory allegations. This is insufficient.

Thus, none of these claims makes out a *prima facie* showing of ineffective assistance. Furthermore, petitioner has presented nothing to reflect that the decision of the Alabama Court of Criminal Appeals in rejecting these claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. §2254(d). Therefore, these claims are without merit.

In his fifth argument, petitioner makes numerous assertions of ineffective assistance of counsel. He alleges that trial counsel failed to address "key facts" and failed to investigate potential witnesses to call at trial. However, he does not state who these key witnesses are, what testimony they would provide or how counsel's failure to call them amounted to ineffective assistance or resulted in prejudice. This claim is wholly conclusory.

Next, he alleges that counsel failed to go to a laboratory "to have swatches of material matched." (Doc. 1, Petition, at 9). He also claims that "Mrs. Craft should have been called to the stand to verify that her garments were." (*sic*) (*Id.* at 10). However, he does not state with any specificity what this evidence would prove or why its absence resulted in ineffective assistance or in prejudice to his case.

He also claims his attorney "should have submitted to the court necessary motions and paperwork in order for Mr. Craft to obtain exculpatory evidence of lab reports from the proper officials Brady material." (*sic*) (*Id.*). However, he does not state with specificity what exculpatory evidence would have been produced, how it was exculpatory, why failure to pursue this evidence was ineffective assistance or in what manner he was prejudiced.

Petitioner claims counsel was ineffective for failing to object to "evidence of a character of a witness of Mr. Craft wrongful conviction,"(*sic*), failing to make a continuing objection after the denial of a motion in limine, failing to obtain medical records of Mrs. Craft, failing to investigate and obtain records relating to evidence found in DNA lab reports and because "Craft appellate counsel talking with DA and such racial remarks were made."[1] (*sic*) (*Id.* at 11).

All of these claims either lack specificity or petitioner has failed to demonstrate how they amounted to ineffective assistance or resulted in prejudice to him. Consequently, they are without merit. To the extent that these claims were raised before the Alabama Court of Criminal Appeals, petitioner has failed to demonstrate that their denial resulted in decisions that were contrary to, or involved an

---

[1] It is assumed that petitioner is claiming ineffective assistance of appellate counsel because a third party allegedly told petitioner the DA and his appellate counsel were overheard talking about his case and that a comment was made that "only one color mattered" in Jackson County. There was no claim that any racially derogatory remarks were made about petitioner.

unreasonable application of, clearly established Supreme Court law or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. §2254(d). To the extent that these claims were not asserted in his Rule 32 petition or raised on collateral appeal, they have not been properly exhausted. Therefore, they cannot be raised here. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003).

Petitioner also argued that he was denied ineffective assistance of appellate counsel because counsel failed to file a direct appeal in a timely manner. However, petitioner was allowed an out-of-time appeal. Therefore, assuming this to have been ineffective assistance, there has been no prejudice shown. Therefore, this claim is without merit.

Craft's petition is a hodgepodge of conclusory allegations, none of which have merit. Therefore, it is RECOMMENDED that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the

clerk of this court. Failure to do so will bar any later challenge or review of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 18th day of July, 2012.

                                    HARWELL G. DAVIS, III
                            UNITED STATES MAGISTRATE JUDGE